UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SCHUYLER PICKETT | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No. 23-cv-00175-JB-N |
| | ) |
| CREDIT CONTROL, LLC | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MOTION TO STRIKE CREDIT CONTROL, LLC AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Schuyler Pickett and files this Motion to Strike Defendant's Affirmative Defenses included in its Answer that was filed on June 26, 2023 (Dkt. 8). Plaintiff states the following in support thereof:

## I.    INTRODUCTION

On June 26, 2023, Defendant filed an answer that denied many of the Plaintiff's allegations and asserted two affirmative defenses. See (Dkt. 8 at Page 5). The specific affirmative defenses in Defendant's answer that Plaintiff

contends are insufficiently pled, frivolous, vague, conclusory, and without factual basis are:

    i. Defendant affirmatively pleads, To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

    ii. Defendant affirmatively pleads, Credit Control acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Credit Control is found to be unlawful, which Credit Control expressly denies, such conduct was not willful and should not give rise to liability.

**II.    DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.**

Plaintiffs requests this Court to strike the Defendant's two affirmative defenses as insufficient, frivolous, vague, conclusory, and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder Plaintiff's ability to narrowly tailor discovery or adequately prepare for trial. Therefore, this Court should strike the Defendant's affirmative defenses or, in the alternative, require the Defendant to amend its affirmative defenses.

This Court is faced with the following issues: 1) Whether *Twombly's* plausibility standard should apply to the affirmative defenses pled by Defendant? 2) Are the two affirmative defenses asserted by Defendant insufficient so as to warrant striking those defenses under Fed. R. Civ. P. 12(f)?

Federal Rule of Civil Procedure 12(f) authorizes this Court to "strike from a pleading an insufficient defense or any . . . immaterial [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). Rule 12(f)'s purpose is to "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Pugh v. City of Okla. City*, No. CIV-15-1070-D, 2015 U.S. Dist. LEXIS 166138, at *3 (W.D. Okla. Dec. 11, 2015) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal *Practice and Procedure* § 1380 (3d. ed. 2014).

Although not generally favored, motions to strike should nonetheless be granted if the asserted defenses are insufficient as a matter of law, will confuse the issues in the case, or will otherwise prejudice the moving party. *See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC,* No.

3

7:13-cv-622, 2014 WL 847126, at *2–3 (S.D. Tex. Mar. 4, 2014); *Rice v. Reliastar Life Ins. Co.*, No. 11-cv- 44-BAJ-M2, 2011 WL 1168520, at *2–4 (M.D. La. Mar. 29, 2011). *See generally* 5C Wright & Miller, *supra*, § 1381.

## A. Defendant's boilerplate affirmative defenses are devoid of facts and insufficient under the *Twombly* standard for pleadings.

The United States Supreme Court established new pleading standards in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These cases require plaintiffs to not only provide fair notice of their claims but also plead sufficient facts that show that the right to relief is plausible. *Ashcroft*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56. Mere formulaic recitations of the elements of a claim for relief or "unadorned, the-defendant-harmed-me allegations," or allegations that only state "labels and conclusions" or "naked assertion[s]" "devoid of further factual enhancement" do not meet the pleading standards for a complaint. *Twombly*, 550 U.S. at 555-57. Although the Eleventh Circuit Court has not resolved this issue, the vast majority of courts addressing this issue have held that *Twombly's* plausibility standard applies to affirmative defenses.

In *Kleppinger*, for example, the defendant asserted numerous affirmative defenses simply by listing the names of the defenses. *Kleppinger v. Texas DOT*, 2012 U.S. Dist. LEXIS 198322 (S.D. Tex. August 10, 2012). The Court concluded "to plead an affirmative defense sufficiently, a defendant must

4

plead "only enough facts to state [an affirmative defense] that is plausible on its face." Id. at 15. In other words, "if an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then the motion to strike is futile." *Id.*

### 1. Holding defendants and plaintiffs to the same *Twombly* pleading standard promotes fairness amongst the parties.

It is simply inequitable to hold Plaintiffs to a higher pleading standard than Defendants. Just as a Defendant faced with a conclusory, vague, or factually deficient complaint, a Plaintiff should not have to respond to and prepare discovery for defenses that lack factual support.

In *U.S. v. Quadrini*, the District Court reasoned that the same pleading standards must apply to Defendants and Plaintiffs alike. *United States v. Quadrini*, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007). In *Quadrini*, the Defendant pleaded eight affirmative defenses in one sentence by naming each defense in succession. Id. at 5. "[O]therwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge." Id. at 11-12. Therefore, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." *Id.* at 12.

## 2. *Twombly's* interpretation of Rule 8(a)(2) applies to defenses under Rule 8(b).

Rule 8(a)(2) requires that Plaintiffs plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Similarly, Rule 8(b) requires that defendants "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. Pro. 8(b)(1)(a). Both subsections of Rule 8 require a "short and plain" statement in the pleading of claims and affirmative defenses. Further, "under Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)).

For example, in *Hayne v. Green Ford Sales, Inc.*, the court held that affirmative defenses must allege factual allegations sufficient to establish plausibility under Rule 8(b)(1)(A). *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651 (D. Kan. Dec. 22, 2009). The court opined that Rule 8's general pleading standard, applies equally to claims and defenses. *Id.* The court reasoned that due to the parallel terminology of the "short and plain statement" language of Rule 8(a)(2) and the "short and plain terms" language of Rule 8(b)(1)(A), these rules establish the same pleading standard for claims

6

and affirmative defenses, respectively. Id.; See also *Aguilar v. City Lights of China Restaurant*, 2011 WL 5118325, *3 (D. Md. Oct. 24, 2011).

**3. The practical purpose of *Twombly's* plausibility standard is universal to all pleadings.**

Litigation efficiency, erasing boilerplate complaints, and eliminating or at least limiting unnecessary discovery are all benefits of the *Twombly* decision. Accordingly, many courts have applied the *Twombly* standard to effectuate the same benefits. In the view of such courts, applying the heightened pleading standard to affirmative defenses serves the policy goals of *Twombly* and *Iqbal* in promoting litigation efficiency, in erasing boilerplate affirmative defenses, and in eliminating or at least limiting unnecessary discovery regarding asserted affirmative defenses.

For example, in *Burget,* the court held that the *Twombly* standard applies equally to plaintiffs and defendants, and that adverse parties should be provided enough information about an affirmative defense to allow them to tailor their discovery. *Burget v. Capital West Securities, Inc.*, No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The court reasoned that applying this standard to affirmative defenses was in keeping with *Twombly's* desire to avoid unnecessary discovery.

In the instant case, all or nearly all of Defendant's asserted affirmative defenses are, either, insufficiently pled or simply not affirmative defenses.

Such conclusory, shotgun assertions, absent factual support and addressing the Plaintiff's complaint as a whole, as if each count was like every other count, was insufficient as a matter of law. Plaintiff can only speculate as to what the Defendant is referring to and even that is quite difficult. Applying the *Twombly* standard to Defendant's affirmative defenses would be consistent with the Supreme Court's reasoning in *Twombly* and assist the Plaintiff in eliminating, or at least, limiting unnecessary discovery in the present action.

### 4. Over View On Applying "Bona Fide Error"

The FDCPA 1692k(c) provides:

*(c) A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.*

The bona fide error defense is a narrow exception to the rule that the FDCPA is a strict liability statute, generally not requiring proof of intent. The language of the FDCPA bona fide error defense was borrowed from nearly identical language, at that time, in the Truth in Lending Act (TILA), which

8

also is narrowly construed. Decisions interpreting the TILA provision should provide guidance in construing the FDCPA provision.

The bona fide error defense is an affirmative defense, so the collector bears the burden of timely pleading and proving the defense by a preponderance of the evidence.

*Federal Rule of Civil Procedure 9(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.*

Federal Rule of Civil Procedure 9(b) requires allegations of mistake to be pleaded with particularity, the supreme court has held that this requirement applies to the pleading of the bona fide error defense. The *Twombly-Iqbal* pleading requirements may also apply, so that the party pleading an affirmative defense must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility.

Here Credit Control must establish each element of the defense—unintentional, bona fide error, maintenance of procedures to avoid such error—which are separate requirements, although they blur together and overlap in some circumstances.

Where there is conflicting evidence regarding whether the elements of the bona fide error defense have been established, the trier of fact must resolve the remaining questions of fact. Sometimes, however, one or more of the components of the defense can be so clearly inadequately supported by evidence as to be determined as a matter of law.

<u>Even where a collection agency has a bona fide error defense, it can be vicariously liable for the violations of its collection attorney if the attorney cannot prove bona fide error.</u>

### 5. Mistaken Interpretation of FDCPA Not an Bona Fide Error

The Supreme Court held in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.* that a debt collector's mistaken interpretation of the FDCPA does not entitle the collector to the FDCPA bona fide error defense. The Court distinguished factual errors for which the bona fide defense was available.

Thus, the bona fide error defense does not apply even where the debt collector in good faith relied on existing circuit precedent that was later reversed en banc, and also immediately stopped as soon as it learned its practice was a violation.

### 6. Clerical and Factual Errors Clerical Mistakes

10

As noted above, the FDCPA's bona fide error defense is patterned after that found in the Truth in Lending Act (TILA). Thus, of relevance is the TILA provision's examples of bona fide errors: "Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error."

As with TILA, courts are likely to find unintentional bona fide clerical errors form the basis of such a defense. For example, a clerk's faulty input of information into an otherwise effective computer program to prevent improper communications may be a valid clerical error.

Older FDCPA cases limited the bona fide error defense to the type of clerical errors listed in the TILA provision. But language in the Supreme Court's *Jerman* decision raises the question whether factual errors beyond just clerical ones can also form the basis of a bona fide error defense. The Court stated in a footnote:

> *While factual mistakes might, in some circumstances, constitute bona fide errors and give rise to violations that are "not intentional" within the meaning of [FDCPA] § 1692k(c), we need not and do not decide today*

11

*the precise distinction between clerical and factual errors, or what kinds of factual mistakes qualify under the FDCPA's bona fide error defense.*

It is clear that debt collectors cannot use legal errors as a defense, even when they try to label those errors as factual. For example, sending a collection letter after receiving a proper dispute under FDCPA § 1692g was a legal error, not a factual one. Likewise, a collector's policy of sending two verification notices on different dates with different deadlines to consumers who moved, which can confuse the consumer who receives both, is not excused as a factual mistake. On the other hand, a transcription error that double-counted attorney fees can be viewed as a factual error to which the bona fide error defense might apply.

In a recent Supreme Court decision Trans Union v Ramirez No. 20-297 June 25, 2021 specifically on Article III standing. *Spokeo, Inc.* v. *Robins*, 578 U. S. 330, 340. That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury. Physical or monetary harms readily qualify as concrete injuries under Article III, and various **intangible harms**—like **reputational harms**—can also be **concrete**.

Here Plaintiff has plead colorable actual damages Credit Control has caused Plaintiff to suffer actual resulting from illegal collection communications by Credit Control in the form of anger, anxiety, decreased

12

ability to focus on task while at work, frustration, amongst other negative emotions, as well as suffering from unjustified abusive invasions of personal privacy, emotional distress and mental anguish.

## III. PRAYER

WHEREFORE Plaintiff prays that pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this Court Strike Defendant's conclusory, boilerplate affirmative defenses, which are absent any factual support, and any such further relief which Plaintiff may be entitled.


Dated: July 1, 2023                Respectfully submitted:


Schuyler Pickett

1615 Essex

Daphne, AL 36526

Spickett2782@gmail.com (email)

251-301-3834 (Telephone)


## CERTIFICATE OF SERVICE

13

I hereby certify that on the <u>1st</u> day of July, 2023, a true and correct copy of the above and foregoing was deposited in the U.S. Mail, first class, postage pre-paid, addressed to:

L Jackson Young Jr

505 N 20th St., Ste., 1800

Birmingham, AL 35203

SCHUYLER PICKETT
1615 ESSEX ST
DAPHNE AL 36526-5109

$6.85    US POSTAGE
FIRST-CLASS
Jul 01 2023
Mailed from ZIP 36526
1 OZ FIRST-CLASS MAIL LETTER
RATE
11923275



062S0014949865

**USPS CERTIFIED MAIL**

9414 8118 9876 5412 4828 68

CHRISTIAN & SMALL, LLP
L. JACKSON YOUNG, JR.
505 20TH ST N STE 1800
BIRMINGHAM AL 35203-4633

SCHUYLER PICKETT
1615 ESSEX ST
DAPHNE AL 36526-5109

$7.51    US POSTAGE
FIRST-CLASS
Jul 01 2023
Mailed from ZIP 36526
1 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 1
11923275



062S0014949878

**USPS CERTIFIED MAIL**

**9414 8118 9876 5412 4829 74**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
155 SAINT JOSEPH ST
MOBILE AL 36602-3914