IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCHUYLER PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-00175-JB-N |
| | ) |
| CREDIT CONTROL, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Credit Control, LLC's Affirmative Defenses (Doc. 12), Defendant's response (Doc. 16), and Plaintiff's reply (Doc. 17) After careful review of the relevant filings, Plaintiff's Motion to Strike is **DENIED in part** and **GRANTED** in part. Defendant is **ORDERED** to file its Amended Answer **by no later than September 6, 2023**.

**DISCUSSION**

On June 26, 2023, Defendant filed its Answer to Plaintiff's Complaint which, among other things, asserts two affirmative defenses, including the affirmative defense of bona fide error. (Doc. 8). Plaintiff's motion seeks to strike Defendant's affirmative defenses because they "are insufficiently pled, frivolous, vague, conclusory, and without factual basis". (Doc. 12) Alternatively, Plaintiff request this Court to require the Defendant to amend its affirmative defense. (*Id*.). Defendant has filed a response and "Motion to Amend its Answer and Affirmative Defenses" (Doc. 16). Defendant argues Plaintiff's motion is due to be denied, but "in the spirit of good faith" it requests the Court allow it to amend it affirmative defenses to (1) remove one

affirmative defense, and (2) provide additional facts supporting its remaining affirmative defense (bona fide error). (Doc. 16). Defendant additionally attached a Proposed Amend Answer to its response. (Doc. 16-1).[1] Plaintiff's reply restates - almost verbatim - his original motion to strike and again, alternatively seeks to have Defendant amend.

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike an insufficient affirmative defense is proper when the defense is insufficient as a matter of law. *Equal Emp't Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (striking affirmative defense pursuant to Rule 12(f) when the defense was deemed insufficient as a matter of law).[2] "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *MSP Recovery Claims Series 44, LLC v. State Farm Mutual Automotive Ins. Co.*, 2023 WL 5176380. *1, (August 11, 2023) quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); see also *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant."). Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." *Florida Software Sys., Inc. v. Columbia/HCA Healthcare*

---

[1] The Court's reference to the Proposed Amended Answer is not a comment on its sufficiency, nor a requirement that the proposed answer and the eventual operative answer be the same.
[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

*Corp.*, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Further, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id*.

The primary purpose of a 12(f) motion to strike is to avoid the unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issues. *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019) (citations omitted). Striking material from "a party's pleadings is an extreme measure, and, as a result," courts have held that motions "'to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Id*. (quoting *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). This disfavor arises from the law's preference for ensuring that cases are decided on their merits and the reluctance to tamper with pleadings absent a strong reason for doing so. *Id*. citing to *Foman v. Davis*, 371 U.S. 178, 181-82, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014); *Harris v. Garner*, 216 F.3d 970, 997 (11th Cir. 2000*); Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (The "courts should not tamper with the pleadings unless there is a strong reason for so doing.").

The Court is not persuaded to strike Defendant's affirmative defenses at this stage. However, the Court will note that that federal courts have required defendants to plead the FDCPA bona fide error defense with particularity. *See Arnold v. Bayview Loan Servicing, LLC*, 2016 WL 375154, *7 (S.D. Ala. January 29, 2016) referring to *Walters v. Performant Recovery, Inc.*, 124F. Supp.3d 75, *4 (D. Conn. Aug. 21, 2015) ("[B]ecause the bona fide error defense rests upon

3

mistake, the circumstances surrounding the mistake must be stated with particularity. . .. [T]o satisfy Rule 9(b), the defense must articulate 'who, what, when, where, and how' the bona fide error occurred.") (citations and internal quotation marks omitted). Nevertheless, here, Plaintiff seeks to strike Defendant's affirmative defenses, or *alternatively,* have the Court order Defendant to amend its answer. Moreover, Defendant has readily agreed to amend its Answer. Accordingly, Plaintiff's motion is **GRANTED in part and DENIED in part**. Defendant is **ORDERED** to file its Amended Answer **by no later than September 6, 2023**.

      **DONE and ORDERED** this 30th day of August 2023.

                                             /s/ JEFFREY U. BEAVERSTOCK
                                             CHIEF UNITED STATES DISTRICT JUDGE